UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| In Re: | Bankruptcy No. 18-41582-SKH |
| Marvin Earl Hughes and Kathleen Terry Bonnell, | Chapter 7 |
| Debtors. / | |
| Koos Enterprises, LLC, a Nebraska Limited Liability Company; Treehouse Studio, LLC, a Nebraska Limited Liability Company; and Linda Kube, a/k/a/ My Sister's Closet, | |
| Plaintiffs, | |
| v. | Adversary No. 19-4013 |
| Marvin Earl Hughes and Kathleen Terry Bonnell, | |
| Defendants. / | |

**ORDER**

**I.    INTRODUCTION**

On March 21, 2019, Plaintiffs Koos Enterprises, LLC, Treehouse Studio, LLC, and Linda Kube a/k/a My Sister's Closet initiated this adversary proceeding against Defendants/Debtors Marvin Hughes and Kathleen Bonnell. In their Complaint, Plaintiffs seek a determination that debts Debtors owe them are excepted from discharge under 11 U.S.C. § 523(a)(2). Plaintiffs claim debts arising from judgments they obtained against Debtors in a state court action for breach of contract should be excepted from discharge because Debtors used fraudulent statements to solicit Plaintiffs into entering an agreement relating to property in Hastings, Nebraska. Doc. 1 at 2-3; Doc.1, Ex. A.

1

On April 12, 2019, Debtors filed a motion to dismiss this adversary proceeding as moot. Doc. 5. The Court ultimately concluded that Plaintiffs timely filed their Complaint, and it rejected Debtors' reasons for seeking to dismiss this case. See Doc. 18.

On March 27, 2020, Debtors filed a second Motion and Notice to Dismiss this adversary proceeding. Docs. 43. They also filed affidavits and a witness and exhibit list in support of their motion. Docs. 44, 45, 46. For the reasons stated below, Debtors' motion to dismiss is granted.

## II.   BACKGROUND

In their Complaint, Plaintiffs outline the procedural background related to the judgment they obtained in state court (CI 16-276), and Debtors' attempts to appeal or pursue remedies in a variety of forums. They also explained that they initiated a second lawsuit in state court on June 18, 2018 (CI 18-288), seeking an order voiding allegedly fraudulent conveyances. Doc. 1 at 2. This lawsuit (CI 18-288) was stayed when Debtors petitioned for bankruptcy relief on September 27, 2019.

In their Complaint, Plaintiffs cite to and rely on the factual allegations in their state court lawsuit (CI 16-276) to support their cause of action in this adversary proceeding, claiming these allegations support their request that Debtors should be denied a discharge of the debts they owe to Plaintiff. Doc. 1. They pray for relief as follows:

> Plaintiffs pray for an Order of the court finding that the judgments rendered in the District Court of Adams County, Nebraska in case no. CI 16-276 are non-dischargeable debts pursuant to 15 [sic] U.S.C. § 523(a)(2) for the following reasons, to-wit:
>
> 1.The Defendants' use of fraudulent statements in soliciting tenants in the real estate located in Hastings, Nebraska using statements which were materially false, upon which the Plaintiff's relied, and said statements were made by Defendants or published by them with the intent to deceive.

> WHEREFORE, Plaintiffs seek an Order of the court determining that the judgment rendered in the District Court of Adams County, Nebraska against the Defendants are non-dischargeable debts pursuant to 11 U.S.C. § 523.

Doc. 1 at ¶ 1; Prayer for Relief.

### III.    RULE 12 DISMISSAL STANDARDS

#### A. Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), specifies that a party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (quotation omitted).

Under Rule 12(b)(6), the Court assumes all facts alleged in the complaint are true and makes reasonable inferences in favor of the nonmoving party. Ryan v. Ryan, 889 F.3d 499, 505 (8th Cir. 2018). Although courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (quotation omitted). "To avoid dismissal, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Ryan, 889 F.3d at 505 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**B. Lack of Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion, unlike a Rule 12(b)(6) motion, courts may consider matters outside the pleadings. Osborn v. United States, 918 F.2d 724, 729-30 & n.6 (8th Cir. 1990).

A motion to dismiss under Rule 12(b)(1) may be supported with affidavits or other documents, and this Court may hold a hearing at which witnesses may testify, if necessary. Id. at 730. This is due to the unique nature of the jurisdictional question. Id. at 729. "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Id. Thus, a court has "'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" Id. (citations omitted).

A Rule 12(b)(1) motion is also distinguishable from a summary judgment motion under Rule 56. For instance, the plaintiff has the threshold burden of proving that jurisdiction exists. Id. at 730. Further, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. Additionally, after the evidence is submitted to this Court, it "must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." Id.

4

**IV.  ANALYSIS**

Pro se Debtors list several reasons they claim justify dismissal of this adversary proceeding.  Although the legal basis of their claims is not entirely clear, it appears that Debtors are asserting the following arguments: (1) Debtors claim Plaintiffs are asking this Court to convey property Debtors claim they no longer own.  To the extent Plaintiffs seek this remedy, Debtors claim they must join the "real party in interest"—an irrevocable trust.  (2) Debtors claim this Court lacks jurisdiction to "enter a ruling that the conveyance of the property to the Irrevocable Trust amounts to fraudulent conveyance." Doc. 43 at 2.  (3) Plaintiffs did not show sufficient facts to justify the judgment they received in state court and have not alleged facts sufficient to prevail on their claims in this adversary proceeding.  See Doc. 43.  Plaintiffs filed an objection to the Motion to Dismiss, claiming there is no authority in the motion that supports a dismissal.  Doc. 48.

On April 28, 2020, the Court heard oral argument on the motion.  At the hearing, the Court raised the issue of collateral estoppel and invited the parties to address whether Plaintiffs were estopped from relitigating the fraudulent misrepresentation issue that the Nebraska state court decided.  At the hearing, Debtors asserted that collateral estoppel barred Plaintiffs' claim, and they also argued that the Rooker-Feldman doctrine precludes this Court from hearing the fraudulent misrepresentation claim decided by the Nebraska state court.  Plaintiffs maintained these doctrines do not apply to this case.  The Court granted the parties several weeks to brief these issues.

**A. Arguments Debtors Asserted in their Motion**

One of the primary purposes of bankruptcy is a fresh start for "the honest but unfortunate debtor" through the discharge of his or her debts.  Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934).  In a case filed under Chapter 7, a debtor is discharged from

5

all debts that arose before he or she files a case, except those excepted from discharge. 11 U.S.C. § 727(b). Section 523(a) of the Bankruptcy Code provides nineteen exceptions for specific types of debts that are not discharged in bankruptcy. See 11 U.S.C. § 523(a). Pursuant to these exceptions, debtors remain liable for these debts even after receiving an Order of Discharge. Debts for money obtained by false pretenses, a false representation or actual fraud are among the debts excepted from discharge. 11 U.S.C. § 523(a)(2).

Debtors argue that Plaintiffs are "asking the Bankruptcy Court to enter a ruling that the conveyance of the property to the Irrevocable Trust amounts to fraudulent conveyance," and argue that this Court does not have jurisdiction over this claim. Doc. 43 at 3. Debtors confuse this adversary proceeding with other claims alleged by Plaintiffs in state court. Plaintiffs have not alleged a fraudulent conveyance cause of action in this adversary proceeding or any other pleading in the Bankruptcy Court. The only cause of action they alleged in this adversary proceeding is their claim that Debtors' debt to them should be excepted from discharge under section 523(a)(2).

An action to determine the dischargeability of a debt under section 523(a)(2) of the Bankruptcy Code is a core proceeding. 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over adversary proceedings pursuant to 28 U.S.C. § 1334. Further, "bankruptcy courts have exclusive jurisdiction to determine whether debts are non-dischargeable under § 523(a)(2), (4), or (6)." In re Everly, 346 B.R. 791, 796 (B.A.P. 8th Cir. 2006). As explained in more detail by the bankruptcy court in In re McMinis:

> Congress granted exclusive federal district court jurisdiction over "all cases under title 11," and concurrent jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b). As an action to determine the dischargeability of

6

> a debt brought under 11 U.S.C. § 523(a)(2) and (a)(4), this adversary proceeding is a "civil proceeding arising under Title 11." In turn, 28 U.S.C. § 157(a) permits district courts to refer bankruptcy matters brought under their original jurisdiction to bankruptcy courts. Section 157(b) provides that "[b]ankruptcy judges may hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments[.]" 28 U.S.C. § 157(b)(1). Pursuant to its General Order 84–1, entered on July 16, 1984, the United States District Court for the Northern District of Ohio entered its order of reference to the bankruptcy courts in this district. "Core proceedings" is defined in § 157(b) to include "determinations as to the dischargeability of particular debts." 28 U.S.C. § 157(b)(2)(I). In addition, bankruptcy courts have exclusive jurisdiction to determine dischargeability of the debts described in § 523(a)(2) and (a)(4). See 11 U.S.C. § 523(c)(1); Dollar Corp. v. Zebedee (In re Dollar Corp.), 25 F.3d 1320, 1325 (6th Cir. 1994) ("Congress intended 'to take the determinations governed by 11 U.S.C. § 523(c) away from state courts and grant exclusive jurisdiction in the bankruptcy courts.'" (quoting Spilman v. Harley, 656 F.2d 224, 226 (6th Cir. 1981)).

McMinis v. McMinis (In re McMinis), 2008 WL 3889999, at *3 (Bankr. N.D. Ohio Aug. 19, 2008). Bankruptcy courts have jurisdiction to hear claims under section 523. The jurisdictional challenge Debtors' raise in their motion [Doc. 43] is rejected.

Likewise, Debtors' claim that Plaintiffs failed to join an irrevocable trust and their suggestion that this is somehow fatal to Plaintiffs' case is rejected. Plaintiffs are not asking this Court to convey property owned by a trust or Debtors. They only seek an order ruling that the judgment they obtained in state court is not dischargeable in bankruptcy. Debtors' claims do not serve as a basis to dismiss this case.

Finally, Debtors argue that Plaintiffs have not alleged facts sufficient to prevail on their claims in this adversary proceeding. Doc. 43 at 3-4. The Court finds this argument compelling, but not for the reasons stated in the motion. As discussed in detail below, the Court finds that Plaintiffs are precluded from relitigating issues heard by Nebraska state courts.

7

**B. Collateral Estoppel**

As explained during oral argument, the Court must give preclusive effect to claims and issues resolved in state court, and it may raise the doctrines of collateral estoppel and res judicata sua sponte.[1]

---

[1] "Federal courts must 'give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so,' Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), and we may raise that point sua sponte to avoid 'unnecessary judicial waste.' Hanig v. City of Winner, 527 F.3d 674, 678 (8th Cir. 2008)." Meyers v. Roy, 714 F.3d 1077, 1080 (8th Cir. 2013) (raising the issue of collateral estoppel sua sponte).

> Moreover, Courts may raise res judicata and collateral estoppel sua sponte so as to avoid judicial waste. See, Hanig v. City of Winner, S.D., 527 F.3d 674, 678 (8th Cir.2008) (finding that the District Court had "properly invoked res judicata to avoid 'unnecessary judicial waste [.]'"), quoting Arizona v. California, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000), and citing Bechtold v. City of Rosemount, 104 F.3d 1062, 1068 (8th Cir. 1997); Transclean Corp. v. Jiffy Lube Intern., Inc., 474 F.3d 1298, 1308 (Fed. Cir. 2007) ("Although the general rule is that claim preclusion and issue preclusion must be pleaded, an exception exists where all relevant data and legal records are before the court and the demands of 'comity, continuity in the law, and essential justice' mandate invocation of preclusion principles."), cert. denied, 552 U.S. 825, 128 S.Ct. 186, 169 L.Ed.2d 36 (2007); Scherer v. Equitable Life Assurance Society of United States, 347 F.3d 394, 400 (2nd Cir.2003) (Courts may assert res judicata sua sponte ) [citations omitted]; Meador v. McFaddin, 1999 WL 129938 at *1 (5th Cir. 1999)(noting that a Court may raise collateral estoppel sua sponte) [citations omitted], cert. denied, 531 U.S. 835, 121 S.Ct. 94, 148 L.Ed.2d 53 (2000); Doe v. Pfrommer, 148 F.3d 73, 80 (2nd Cir. 1998) (finding that District Court did not error in raising collateral estoppel sua sponte).

Johnson v. LaSalle Bank Nat. Ass'n, 663 F. Supp. 2d 747, 765-66 (D. Minn. 2009). See also Wendt v. Hanson (In re Hanson) 2011 WL 6148429, at *2 (Bankr. S.D. Cal. Nov. 21, 2011) ("These claims implicate collateral estoppel and res judicata principles, which can be addressed on a sua sponte basis even when not normally raised by the parties.") (citing Columbia Steel Fabricators v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.1995)); see also Mounts v. Blake (In re Blake), 2011 WL 6293850, at *4 (Bankr. N.D. Ohio Dec. 15, 2011) (applying collateral estoppel sua sponte); Hydrogrowers Ind. v. Anderson (In re Anderson), 2011 WL 5417091, at *6 (Bankr. E.D.N.Y. Nov. 8, 2011); Woods v. Ritter (In re Ritter), 2006 WL 3065518, at *5 (Bankr. S.D.N.Y. Oct. 27, 2006) (same).

Issue preclusion, also known as collateral estoppel, bars the relitigation of factual or legal issues that were determined in a prior court action. Osborne v. Stage (In re Stage), 321 B.R. 486, 491 (B.A.P. 8th Cir. 2005) (citing Johnson v. Miera (In re Miera), 926 F.2d 741, 743 (8th Cir. 1991)). Collateral estoppel applies to dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991); see also Roussel v. Clear Sky Props., LLC, 829 F.3d 1043, 1047 (8th Cir. 2016). When determining whether collateral estoppel arises from a prior state court judgment, federal courts apply the substantive law of the forum state in whose courts the prior judgment was entered. In re Stage, 321 B.R. at 493.

Under Nebraska law, issue preclusion bars the relitigation of a finally determined issue that a party had a prior opportunity to fully and fairly litigate. Hara v. Reichert, 843 N.W.2d 812, 816 (2014). Issue preclusion applies where:

> (1) an identical issue was decided in a prior action,
> (2) the prior action resulted in a final judgment on the merits,
> (3) the party against whom the doctrine is to be applied was a party or was in privity with a party to the prior action, and
> (4) there was an opportunity to fully and fairly litigate the issue in the prior action.

Id. "Issue preclusion applies only to issues actually litigated." Id. "Issue preclusion protects litigants from relitigating an identical issue with a party or his privy and promotes judicial economy by preventing needless litigation." Id.

In Case No. CI 16-276 filed in the District Court of Adams County, Nebraska, Plaintiffs alleged fraudulent misrepresentation and breach of contract causes of

9

action.  The state court ruled against Plaintiffs on their fraudulent misrepresentation claim, specifically finding Plaintiffs did not prove fraudulent intent.[2]

In this adversary proceeding, Plaintiffs' cause of action is premised on facts alleged in their state court lawsuit, Case No. CI 16-276.  Plaintiffs allege "Defendants' use of fraudulent statement in soliciting tenants in the real estate located in Hastings, Nebraska using statements which were materially false, upon which the Plaintiff's relied, and said statements were made by Defendants or published by them with the intent to deceive."  Doc. 1 at 2-3.  This is the same issue they raised in their fraudulent misrepresentation claim in state court.  Doc. 1 at 4-6.  The state court judgment was a final judgment on the merits.  This adversary proceeding involves the same parties as Case No. CI 16-276, and the issue of fraudulent misrepresentation was fully and fairly litigated in the state court action.  Plaintiff's section 523(a)(2) claim premised on false representations is barred by the doctrine of collateral estoppel.

---

[2] Plaintiffs assert that the Nebraska state court's "decision only makes reference to Hughes."  See Doc. 55 at 2.  This is not entirely true.  In their state court complaint, Plaintiffs alleged fraudulent misrepresentation claims against both Hughes and Bonnell. Doc. 1 at 4-6. The state court found that Hughes did not intend to make false representations.  It did not make specific findings regarding Bonnell's intent, but it discussed her representations in its order, and it dismissed this claim against her. Plaintiffs had a full and fair opportunity to litigate their fraudulent misrepresentation claims against Bonnell during the state court trial.  The fact that Bonnell did not appear during the state court trial does not affect this conclusion.  This Court has found that even a default judgment may have preclusive effect on future proceedings.  See Muldoon v. Walker (In re Walker), 2020 WL 2529319, at *3 (Bankr. D. Neb. May 18, 2020) ("A default judgment is considered to be a judgment on the merits for preclusive purposes." citing Young v. Govier & Milone, L.P., 835 N.W.2d 684, 696 (Neb. 2013)).

## C. Rooker-Feldman Doctrine[3]

Under the Rooker-Feldman doctrine, federal courts other than the Supreme Court do not have subject matter jurisdiction over challenges to decisions made by state courts in judicial proceedings. Cawley v. Celeste (In re Athens/Alpha Gas Corp.), 715 F.3d 230, 234 (8th Cir. 2013). More specifically, "Rooker–Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." Snider v. City of Excelsior Springs, 154 F.3d 809, 811 (8th Cir. 1998) (citation omitted). In other words, "Rooker-Feldman forecloses federal jurisdiction when a decision in favor of a federal plaintiff would 'wholly undermine' the state court's ruling." In re Athens/Alpha Gas, 715 F.3d at 235 (citation omitted).

The state and federal claims need not be identical. Goetzman v. Agribank, FCB (In re Goetzman), 91 F.3d 1173, 1177 (8th Cir. 1996) (citation omitted). A lower federal court may not consider a claim that is "inextricably intertwined" with a claim addressed by a state court. Id. A federal claim is inextricably intertwined with a state claim "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it." Snider, 154 F.3d at 811 (citation omitted); Cawley v. Celeste (In re Athens/Alpha Gas, 463 B.R. 883, 887 (B.A.P. 8th Cir. 2012) (quotation omitted), aff'd on other grounds, 715 F.3d 230 (8th Cir. 2013). The doctrine applies only in "'limited circumstances' where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance v. Dennis, 546 U.S. 459, 466 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

---

[3] The Rooker–Feldman doctrine derives its name from two United States Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

11

The Rooker-Feldman doctrine bars Plaintiffs' section 523(a)(2) claim against Debtors. Plaintiffs' factual allegations regarding fraudulent misrepresentations in their state court complaint and this adversary proceeding are identical. In fact, Plaintiffs cite to their state court complaint and the state court order as the basis of their section 523(a)(2) cause of action. The facts that satisfied the elements of Plaintiffs' fraudulent misrepresentation claim in the state court proceeding are inextricably intertwined with the facts that serve as a basis for Plaintiffs' section 523(a)(2) cause of action, and the elements of these claims are similar. To revisit the issues would require this Court to analyze whether the state court correctly decided Plaintiffs' fraudulent misrepresentation cause of action. Consequently, these claims are inextricably intertwined. If this Court revisited Plaintiffs' fraudulent misrepresentation/false representation claims in this adversary proceedings and ruled against Debtors, it would wholly undermine the state court proceedings. Accordingly, the Court finds that the Rooker-Feldman doctrine bars this Court from exercising subject matter jurisdiction over Plaintiffs' section 523(a)(2)(A) cause of action based on false representations.

**D. False Pretenses Argument**

In their brief in Opposition to Defendants' Motion to Dismiss, the Plaintiffs (for the first time) characterize their claim against Bonnell and Hughes as a "false pretenses" cause of action. To the extent this theory of recovery is different than the section 523(a)(2) false representation cause of action plead in the complaint, this claim is untimely. Trial is scheduled for June 15, 2020, roughly three weeks after they raised this claim. Given Debtors' pro se status, Plaintiffs' assertion of a new legal theory at this stage of the litigation is prejudicial to Debtors.

**V.    CONCLUSION**

For the reasons stated above, **IT IS ORDERED** that Debtors' Motion to Dismiss Adversary Proceeding is **GRANTED**.  This case is dismissed.

Dated:  May 28, 2020.

                                      /s/ Shon Hastings
                              SHON HASTINGS, JUDGE
                              UNITED STATES BANKRUPTCY COURT